**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

FILED
**United States Court of Appeals**
**Tenth Circuit**

**July 10, 2026**

**Christopher M. Wolpert**
**Clerk of Court**

MICHAEL EUGENE PARKER, SR.,

Plaintiff - Appellant,

v.

FRANK J. BISIGNANO, Commissioner of
Social Security Administration,

Defendant - Appellee.

No. 25-3181
(D.C. No. 2:24-CV-02533-DDC)
(D. Kan.)

_____

**ORDER AND JUDGMENT**<sup>*</sup>
_____

Before **TYMKOVICH**, **McHUGH**, and **FEDERICO**, Circuit Judges.
_____

This is plaintiff Michael E. Parker, Sr.'s fourth attempt to obtain review of an

administrative law judge's (ALJ's) 2020 decision partially granting his application

for supplemental social security income. In each of his first three attempts, the

district court dismissed his claims for lack of jurisdiction because he never sought

review by the Social Security Administration's Appeals Council, and this court

---

<sup>*</sup> After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

affirmed.[1] *See Parker v. Comm'r*, 845 F. App'x 786, 788-89 (10th Cir. 2021); *Parker v. Comm'r*, No. 22-3171, 2023 WL 3300902, at *1 (10th Cir. May 8, 2023); *Parker v. Comm'r*, No. 23-3237, 2024 WL 3688733, at *1 (10th Cir. Aug. 7, 2024). Mr. Parker's failure to exhaust his administrative remedies by seeking Appeals Council review meant there was no final decision, so he "'los[t] [his] right to further administrative review and [his] right to judicial review.'" *See Parker*, 845 F. App'x at 788 (quoting 20 C.F.R. § 416.1400(b)).

Mr. Parker most recently filed suit in November 2024, again seeking review of the ALJ's 2020 decision. His arguments were identical to those raised in his three previous suits, and his complaint conceded that he failed to request Appeals Council review of the 2020 decision. The district court accordingly dismissed Mr. Parker's claims for lack of jurisdiction, and we must do the same. *See M.E.P. v. Bisignano*, No. 24-2533-DDC, 2025 WL 2770624, at *1 (D. Kan. Sept. 29, 2025).

Mr. Parker makes the same error here as in his three previous attempts to litigate this issue. He again challenges the merits of the ALJ's initial decision without addressing the district court's ruling that his failure to exhaust administrative remedies left it without jurisdiction, and without otherwise arguing that we have jurisdiction over this matter. In other words, Mr. Parker again fails to "explain to us why the district court's decision was wrong." *Nixon v. City & Cnty. of Denver*, 784 F.3d 1364, 1366 (10th Cir. 2015).

---

[1] The relevant facts and procedural history of this case are adequately laid out in our decisions on Mr. Parker's three other appeals, so we will not repeat them here.

Because the district court was correct that it lacked jurisdiction, we affirm. Further, Mr. Parker's failure to address the district court's jurisdictional ruling leaves us with no challenge to the basis for the district court's dismissal. Mr. Parker has two motions pending before us: a motion to intervene, and a motion to amend his motion to intervene. We construe both as motions to supplement his briefs and grant them.

Entered for the Court

Carolyn B. McHugh
Circuit Judge